_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-02676-FWS-ADS | Date: July 3, 2025 |
| Title: Jesse Harris *et al.* v. FCA US, LLC | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [20] AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [16]**

In this case, Plaintiffs Jesse Harris and Haley Harris (together, "Plaintiffs") bring claims against Defendant FCA US, LLC ("Defendant") related to an allegedly defective car. (*See generally* Dkt. 1-1 ("Complaint" or "Compl.").) Defendant filed an Answer to the Complaint. (Dkt. 1-2.) Before the court are two motions. The first motion before the court is Plaintiff's Motion to Remand. (Dkt. 20 ("Motion to Remand" or "MTR").) Defendant opposes the Motion to Remand. (Dkt. 24.) Plaintiffs filed a reply in support of the Motion to Remand. (Dkt. 25.) The second motion before the court is Defendant's Motion for Judgment on the Pleadings. (Dkt. 48 ("Motion for Judgment on the Pleadings" or "MJOP").) Plaintiffs oppose the Motion for Judgment on the Pleadings. (Dkt. 21 ("Opposition" or "Opp.").) Defendant filed a reply in support of the Motion for Judgment on the Pleadings. (Dkt. 23 ("Reply").) The court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for July 10, 2025, (*see* Dkt. 22), is **VACATED** and off calendar. Based on the record, as applied to the applicable law, the court **DENIES** the Motion to Remand and **GRANTS** the Motion for Judgment on the Pleadings.

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02676-FWS-ADS                                     Date: July 3, 2025
Title: Jesse Harris *et al*. v. FCA US, LLC

## I.      Background

On October 24, 2020, Plaintiffs purchased a Certified Pre-Owned 2018 Chrysler Pacifica (the "Vehicle"), which Defendant manufactured. (Compl. ¶ 6.) However, "[d]efects and nonconformities to warranty manifested themselves within the applicable express warranty period, including but not limited to, transmission defects, engine defects, electrical defects; among other defects and non-conformities," which "substantially impair the use, value, or safety of the Vehicle" such that "[t]he value of the Vehicle is worthless and/or *de minimis*." (*Id.* ¶¶ 11-13.) More specifically, "2018 Chrysler Pacifica vehicles equipped with a 9-speed transmission are defective, contained one or more defect(s) to the transmission which may result in hesitation on acceleration, loss of power, hard and/or harsh shifts, and/or jerking (the 'Transmission Defect')." (*Id.* ¶ 15.) "While it has been fully aware of the Transmission Defect, Defendant FCA actively concealed the existence and nature of the alleged defect from Plaintiffs at the time of purchase, repair, and thereafter." (*Id.* ¶ 24.) Based on these facts, Plaintiffs bring claims for violation of the Song-Beverly Act and a claim for fraudulent inducement – concealment. (*See id.* ¶¶ 51-78.)

## II.      Motion to Remand

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court, but over which a federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits with more than $75,000 in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the court determines it lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02676-FWS-ADS | Date: July 3, 2025 |
| Title: Jesse Harris *et al.* v. FCA US, LLC | |

The burden of establishing subject matter jurisdiction falls on the defendant. *See Gaus*, 980 F.2d at 566. A defendant's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54, (2014). But when "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id.* at 554.

In the Motion to Remand, Plaintiffs argue that Defendant's "Notice of Removal fails to meet its heavy burden of establishing the requisite amount in controversy for federal jurisdiction." (MTR at 1; *see id.* at 5 ("Defendant FCA has fallen far short of carrying its heavy burden of proof of showing that removal was proper because Defendant's Notice of Removal fails to establish the amount in controversy exceeds $75,000.").) The court is not persuaded. "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). With the Notice of Removal, Defendant submitted a Declaration of James A. Sheridan ("Sheridan"), in which Sheridan declared that the Vehicle's sale price was $39,860.62 and attached "a true and correct copy of the Retail Installment Sale Contract for the Subject Vehicle." (Dkt. 1-6 ("Sheridan Decl.") ¶ 7, Ex. E ("Contract").) Based on this evidence, Sheridan stated, "[a]ssuming the Sale Price is a reasonable estimate of actual damages, Plaintiffs' potential recovery in this case is $39,860.62 in restitution, plus up to $79,721.24 in civil penalties under the Song-Beverly Act, for a total of **$119,581.86**." (*Id.* ¶ 8.)

The court finds that Defendant met its burden by adequately showing that "the Song-Beverly Act claims alone place the amount in controversy above $75,000." *Gruber v. Gen. Motors LLC*, 2023 WL 6457136, at *2 (C.D. Cal. Oct. 3, 2023) (making this finding when "GM alleged in the NOR that the average manufacturer's suggested retail price of [the relevant vehicle] was $38,875"). The Motion to Remand is thus **DENIED**.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-02676-FWS-ADS | Date: July 3, 2025 |
| Title: Jesse Harris *et al.* v. FCA US, LLC | |

### III. Motion for Judgment on the Pleadings

#### A. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is properly granted "when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 700 (9th Cir. 2022) (citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). Because Rule 12(c) and Rule 12(b)(6) motions are "functionally identical," the same standard of review applies to motions brought under either rule. *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017).

Review is generally limited to the pleadings. *Yakima Valley Mem'l Hosp. v. Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011). The court accepts "all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020) (citing *Fleming*, 581 F.3d at 925). However, the court is "not required to accept as true allegations that contradict exhibits attached to the [c]omplaint, or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Chandavong v. Fresno Deputy Sheriff's Ass'n*, 599 F. Supp. 3d 1017, 1020 (E.D. Cal. 2022) (quoting *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013)); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

The court's inquiry concerns "whether the complaint at issue contain[s] 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citation omitted). "Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02676-FWS-ADS                                         Date: July 3, 2025
Title: Jesse Harris *et al*. v. FCA US, LLC

reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). Under this standard, "[m]ere conclusory statements in a complaint and 'formulaic recitation[s] of the elements of a cause of action' are not sufficient." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (second alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

    **B.**    **Discussion**

As stated, Plaintiffs bring claims for violation of the Song-Beverly Act and for fraudulent inducement – concealment. (Compl. ¶¶ 51-78.) However, for the reasons the court now describes, the court finds that the Complaint lacks sufficient clarity to provide adequate notice to Defendant regarding the nature of the claims against Defendant and insufficient allegations to make Plaintiffs' claims plausible at this stage. *See* Fed. R. Civ. P. 8, 9; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.

The crux of the issue is this. In this case, Plaintiffs allege they purchased a Certified Pre-Owned Vehicle, purchasing a 2018 Vehicle on October 24, 2020. (Compl. ¶ 6.) Plaintiffs allege that on the October 24, 2020, sale date of the Certified Pre-Owned Vehicle, Plaintiffs "entered into a warranty contract with Defendant," and that "[a] true and correct copy of the warranty contract is attached [to the Complaint] as **Exhibit A.**" (*Id*. ¶¶ 6-7, Ex. A.) Exhibit A, however, is the Vehicle's original 2018 warranty. (*Id*. Ex. A.) Further contributing to the confusion is the fact that the Contract—a document in the record subject to judicial notice[1]—

---

[1] *See, e.g.*, *Zeto v. BMW of N. Am., LLC*, 2020 WL 6708061, at *2 (S.D. Cal. Nov. 16, 2020) ("Here, the Lease Agreement is judicially noticeable because even if it is not explicitly attached to the complaint, it is integral to Plaintiff's claims and its authenticity is not questioned. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Lease

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02676-FWS-ADS | Date: July 3, 2025 |
| Title: Jesse Harris *et al*. v. FCA US, LLC | |

reflects that Plaintiffs bought the Vehicle from Tuttle-Click Inc. (not from Defendant). (Contract at 2.) The court therefore finds the Complaint fails to adequately describe exactly what warranty Plaintiffs allege Defendant breached and therefore fails to give Defendant sufficient notice of plausible claims against. (*See generally* Compl.; Contract); Fed. R. Civ. P. 8, 9; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.

And the differences matter. "The Song-Beverly Consumer Warranty Act provides buyers of new motor vehicles with specific remedies when a vehicle turns out to be defective." *Rodriguez v. FCA US LLC*, 17 Cal. 5th 189, 195 (2024). The statute "defines 'new motor vehicle' to include a new vehicle 'bought or used primarily for personal' purposes as well as 'a dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty.'" *Id.* However, "a motor vehicle purchased with an unexpired manufacturer's new car warranty does not qualify as a 'motor vehicle sold with a manufacturer's new car warranty' under [the Song-Beverly Act]'s definition of 'new motor vehicle' unless the new car warranty was issued with the sale." *Id.* at 195-96.

One read of Plaintiffs' allegations is that Plaintiffs bring this case based on the sale of a used car with a still-pending manufacturer's warranty, which would require dismissal of Plaintiffs' claims under the Song-Beverly Act's provisions related to "new motor vehicles."[2] *See Rodriguez*, 17 Cal. 5th at 195-96; *see also Alves v. Mercedes-Benz USA, LLC*, 2023 WL 5207492, at *6 (C.D. Cal. July 10, 2023) ("Because the FAC fails to plead facts demonstrating that the Vehicle had never previously been sold to a consumer and that the Vehicle was sold with a full, express warranty by Defendant, the FAC fails to plausibly allege that the Vehicle is

___

Agreement is integral to the complaint, as the original complaint states: 'On or about October 13, 2017, Plaintiff purchased/leased (hereinafter referred to as 'purchased') 2018 BMW 530E, vehicle identification number WBAJA9C54JB033423, (Vehicle).' Compl. ¶ 5, ECF No. 1-2; *see also* FAC ¶ 4, ECF No. 16-2. The Lease Agreement's authenticity is not contested.").

[2] The court observes that the Contract contains a provision referring to a "Used Car Buyers Guide" which "is part of this contract" and "overrides any contrary provisions in the contract of sale." (Contract at 6-7.)

___

**CIVIL MINUTES – GENERAL**                                                                 6

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02676-FWS-ADS                           Date: July 3, 2025
Title: Jesse Harris *et al*. v. FCA US, LLC

___

a 'new motor vehicle' for purposes of the relevant express warranty provisions of the SBA (or likewise that the Vehicle is a new 'consumer good' for purposes of the implied warranty claim). . . . Further, because, as the Contract demonstrates, Plaintiff purchased the Vehicle from CarMax (and therefore, not directly from Defendant), the current allegations, without more, do not even give rise to a plausible inference that the Vehicle was in fact sold with a full, express warranty issued by Defendant."); *Grismore v. Mercedes-Benz USA, LLC*, 2024 WL 5001469, at *2 (9th Cir. Dec. 6, 2024) ("Under *Rodriguez*, Grismore's vehicle does not qualify as a 'new motor vehicle' under California law" because "the evidence does not show that a new car warranty was issued when she leased the vehicle," and instead "her lease states that the vehicle was 'pre-owned' and was not covered by a warranty"); *Lien v. Mercedes-Benz USA, LLC*, 2024 WL 4887499, at *2 (N.D. Cal. Nov. 25, 2024) ("In other words, a plaintiff like Lien, who purchases a car with a manufacturer warranty from someone other than the manufacturer is generally not entitled to sue the manufacturer under the Song-Beverly Act's express-warranty provision.").

      Plaintiffs' Opposition relies heavily on the fact that the Vehicle was Certified Pre-Owned, arguing, for example:

> However, the vehicle in this case is a Certified Pre-Owned ("CPO") vehicle sold with the substantial involvement of FCA. (Complaint, ¶ 6.) Even though Certified Pre-Owned vehicles are used cars in the colloquial sense, they differ from the car presented in *Rodriguez*. The manufacturer plays a substantial role in the sale of these used vehicles, controlling which cars may be sold as CPO, who may do so (i.e., certain affiliated dealerships), and CPO vehicles command a price premium over similar vehicles that are not certified. Thus, the manufacturer has played a "substantial role" in the sale of this vehicle. (*See Rodriguez, supra*, 326 Cal.Rptr.3d at 448.) CPO vehicles are like other dealer-owned vehicles in that they have been inspected professionally by the dealership "with a goal of keeping the vehicle in as-new condition in anticipation of a sale[.]" This differentiates CPO vehicles "from preowned cars, whose "various transfers of

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. 8:24-cv-02676-FWS-ADS | Date: July 3, 2025 |
| Title: Jesse Harris *et al.* v. FCA US, LLC | |

> ownership" may result in "difficulties of proving what maintenance or misuse a prior owner may or may not be responsible for." " (*Id.*, at 450.) The rationale behind excluding used vehicles from the replace-or-repurchase remedy does not apply to CPOs, and accordingly, Defendant's Demurrer should be overruled.

(Opp. at 5.) Many of these statements—for example, that Defendant played a substantial role in Tuttle Click Inc.'s sale of Certified Pre-Owned Vehicles—do not appear in the Complaint. (*See generally* Compl.) Moreover, under the circumstances described, "even if the vehicle was not a 'new motor vehicle' under Song-Beverly Act," Defendant could "still [be] liable under the used goods provisions of section 1795.5." *Kiluk v. Mercedes-Benz USA, LLC*, 43 Cal. App. 5th 334, 340 (2019). But again, the record does not make clear what situation this case involves, and further clarification regarding Plaintiffs' allegations is necessary to state "claim[s] of relief that [are] plausible on [their] face.'" *Harris*, 682 F.3d at 1131 (quoting *Iqbal*, 556 U.S. at 678).

The same confusion also leads the court to grant the Motion as to Plaintiffs' fraudulent concealment claim at this stage. For a duty to disclose to exist, the parties must have entered into a "transaction," which "transaction must necessarily arise from direct dealings between the plaintiff and the defendant; it cannot arise between the defendant and the public at large." *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 311-12 (2017) (collecting California Supreme Court authority). Although "[c]ourts in this circuit have held that a warranty agreement establishes a transactional relationship giving rise to a duty to disclose," *Jimenez v. Gen. Motors, LLC*, 2023 WL 6795274, at *4 (C.D. Cal. Oct. 13, 2023) (collecting cases), as explained, even construing all inferences in favor of Plaintiffs does not create a plausible inference on the record before the court that Plaintiffs and Defendant entered into a warranty agreement when Plaintiffs bought the Certified Pre-Owned Vehicle from Tuttle-Click Inc. two years after the Vehicle was manufactured. *See Hervey v. Mercedes-Benz USA, LLC*, 2025 WL 520308, at *6 (Cal. Ct. App. Feb. 18, 2025) (unpublished) (finding demurrer to fraudulent concealment properly sustained when, among other allegations, "Plaintiff alleged that she obtained an 'express warranty' from Mercedes, but then cited the exhibit to the complaint containing the unexpired new car warranty").

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02676-FWS-ADS | Date: July 3, 2025 |
| Title: Jesse Harris *et al*. v. FCA US, LLC | |

## IV.   Disposition

For the reasons set forth above, the Motion to Remand is **DENIED,** and the Motion for Judgment on the Pleadings is **GRANTED.**  Plaintiffs' Complaint is **DISMISSED WITH LEAVE TO AMEND**.  Any amended complaint shall be filed on or before **July 23, 2025.**  Failure to file an amended complaint on or before the deadline set by the court will result in the dismissal of this action with prejudice without further notice for failure to prosecute and/or comply with a court order.  *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").

___